114 A.3d 354

IN THE MATTER OF ANITA L. WALCH, AN ATTORNEY AT LAW (ATTORNEY NO. 009531989).

May 21, 2015.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 14–114, concluding that **ANITA L. WALCH** of **MURRELLS INLET, SOUTH CAROLINA,** who was admitted to the bar of this State in 1989, and who has been suspended from the practice of law since October 26, 2012, should be suspended from the practice of law for a period of six months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to keep a client reasonably informed about the status of the matter), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to submit proof of her fitness to practice as attested to by a mental health professional approved by the Office of Attorney Ethics, and that no petition for reinstatement should be considered until respondent submits proof of reimbursement to the New Jersey Lawyers' Fund for Client Protection for claims paid in the amount of $4,099.00 to her former clients *Torres, Cruz,* and *Burza;*

And good cause appearing;

It is ORDERED that **ANITA L. WALCH** is suspended from the practice of law for a period of six months, effective immediately, and until the further Order of the Court; and it is further.

ORDERED that prior to reinstatement to practice, respondent shall submit to the Office of Attorney Ethics proof of her fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that no petition for reinstatement shall be considered until respondent submits proof that she has reimbursed the New Jersey Lawyers' Fund for Client Protection in the amount of $4,099.00 for claims paid on behalf of her former clients *Cruz, Torres* and *Burza*; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.